FILED
2020 AUG 04 01:06 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 20-2-12141-0 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TULA CHRISTOTHOULOU, a widow,<br><br>Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC. an Ohio corporation, and THE KROGER CO., an Ohio corporation,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW Plaintiff Tula Christothoulou, a widow, by and through her attorney of record, Nancy T. McKinley, for claims of relief against Defendants, and alleges as follows:

## I. IDENTIFICATION OF THE PARTIES

1.1  At all times relevant hereto, Plaintiff Tula Christothoulou, a widow, was and is a resident of Seattle, Washington, in King County.

1.2  At all times relevant hereto, Defendant Fred Meyer Stores, Inc., ("Fred Meyer") is an Ohio Corporation headquartered in Portland, OR. Defendant Fred Meyer owns and operates the Greenwood Fred Meyer Store located at 100 NW 85th St., Seattle, Washington 98117.

COMPLAINT FOR DAMAGES - Page 1

FALLON McKINLEY PLLC
ATTORNEYS AT LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

1.3 At all times relevant hereto, Defendant The Kroger Co., ("Kroger") is an Ohio Corporation headquartered in Cincinnati, OH, and does business in the State of Washington. Defendant Kroger is the parent company of Defendant Fred Meyer.

1.4 At all times relevant hereto, Defendant Fred Meyer occupied and operated a retail grocery store/supermarket located at 100 NW 85th St., Seattle, Washington 98117, (hereafter identified as "Subject Premises.").

1.5 At all times relevant hereto, Defendant Fred Meyer Stores, Inc. employed workers on the Subject Premises in King County, Washington.

1.6 At all times relevant hereto, Defendant Fred Meyer Stores, Inc. was a corporation doing business in the State of Washington.

## II.   JURISDICTION AND VENUE

2.1 This action is for personal injuries occurring in King County, Washington. Further, Defendants, above-named, conduct business on the subject premises in King County, Washington. Jurisdiction and venue are proper in Superior Court for King County, State of Washington.

## III.   STATEMENT OF FACTS

3.1 On or about September 12, 2017, Plaintiff (Ms. Christothoulou) visited the Fred Meyer store at 100 NW 85th St., Seattle, Washington 98117, ("Subject Premises") as a business invitee with intent to purchase groceries.

3.2 In the course of her shopping on the Subject Premises, Ms. Christothoulou proceeded to the sushi department.

COMPLAINT FOR DAMAGES - Page 2

FALLON McKINLEY PLLC
ATTORNEYS AT LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580 FAX (206) 682-3437

3.3    Ms. Christothoulou's stepped on a grape that was left on a floor near the sushi counter, causing her to fall. She outstretched her right arm to protect her head, seriously injuring her right shoulder (hereafter referred to as "Subject Incident"). Plaintiff sustained a severe, permanent and disabling injury to her right shoulder (and dominant arm) as a result of the fall.

3.4    As Ms. Christothoulou lay on the floor, she noticed she had slipped on a grape which employees of Fred Meyer Stores, Inc. had neglected to clean off the floor in the sushi section of the Subject Premises.

3.5    Ms. Christothoulou did not observe anyone cleaning the debris off the floor in the sushi section of the Subject Premises.

3.6    As a result of the slip and fall due to debris on the floor of the Subject Premises, Ms. Christothoulou sustained a torn shoulder and subluxation requiring surgery and further medical treatment.

## IV.    NEGLIGENCE/GROSS NEGLIGENCE COUNT 1

4.1    Plaintiff hereby incorporates by reference all allegations contained in each of the foregoing paragraphs as though fully set forth herein.

4.2    At all times relevant hereto, Plaintiff Ms. Christothoulou exercised all appropriate due care and in no way contributed to the slip and fall occurrence on the Subject Premises and/or her injuries and damages sustained therefrom.

4.3    At all times relevant hereto, Defendants and/or their agents and employees owed a duty to maintain the floors where Ms. Christothoulou was walking in

COMPLAINT FOR DAMAGES - Page 3

FALLON McKINLEY PLLC
ATTORNEYS AT LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580 FAX (206) 682-3437

a manner that was safe for its intended use by business invitees such as Ms. Christothoulou.

4.4   At all times relevant hereto, all Defendants and/or their agents and employees owed a duty to Plaintiff to use reasonable care to ensure that their modes of operation were implemented and carried out such that they did not adversely impact upon the safety and well-being of patrons and business invitees, including Ms. Christothoulou, while on the subject property.

4.5   At all times relevant hereto, Defendants and/or their agents and employees owed a duty to Plaintiff Tula Christothoulou to use reasonable care to ensure their modes of operation were safe, including the duty to take actions to reduce, minimized or eliminate foreseeable or known risks on their property or premises before such risks manifested themselves as dangerous conditions on their property or premises.

4.6   At all times relevant hereto, Defendants and/or their agents and employees had a duty to refrain from creating any unreasonably dangerous and hazardous conditions in areas accessed and utilized by business invitees.

4.7   At all times relevant hereto, Defendants and/or their agents and employees had a duty to ensure that the Subject Premises was not unreasonably dangerous for persons such as Ms. Christothoulou.

4.8   At all times relevant hereto, Ms. Christothoulou was a person reasonably anticipated to be on the Subject Premises when the Subject Incident occurred.

COMPLAINT FOR DAMAGES - Page 4

FALLON McKINLEY PLLC
ATTORNEYS AT LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

4.9 At all times relevant hereto, the Subject Premises were under control of Defendants and/or their agents and employees.

4.10 Defendant and/or their agents and employees breached their duty of care and were negligent and/or grossly negligent in one or more of the following particulars:

a) Failing to maintain the floor in a reasonably safe condition;

b) Creating an unreasonably dangerous and hazardous condition on the Subject Premises without taking adequate safety measures;

c) Failing to take reasonable steps to prevent, discovery, eliminate and/or safeguard against the unreasonably dangerous and hazardous condition;

d) Failing to exercise due and reasonable care under the circumstances in the provision of cleaning services;

e) Failing to take appropriate measures to ensure that the floor in the deli section of the Subject Premises was clean and clear of debris and possible hazards;

f) Failing to appreciate the slip and fall hazard of debris and/or produce on the floor;

g) Permitting persons lawfully on the Subject Premises for business purposes, including Plaintiff, to be on or around the floor near the deli section when Defendants knew or should have known of the unreasonably dangerous and hazardous conditions;

COMPLAINT FOR DAMAGES - Page 5

FALLON McKINLEY PLLC
ATTORNEYS AT LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

h) Failing to follow appropriate state and federal standards, rules and regulations regarding safety;

i) Failing to follow appropriate industry standards, regulations and codes;

j) Failing to use appropriate servicing techniques to provide a safe walking area for patrons and invitees, including Plaintiff;

k) Failing to exercise supervision and control of Fred Meyer Stores, Inc. employees in a reasonably safe manner;

l) Directing or instructions Fred Meyer Stores, Inc. employees to perform work in an unreasonably unsafe and dangerous manner;

m) Failing to exercise due care in the direction, instruction, supervision and/or management of Fred Meyer Stores, Inc. employees.

4.11 Defendants and/or their agents and employees knew or should have known that debris and/or produce of the floor of the Subject Premises created an unreasonably hazardous danger and posed and unreasonable risk of harm to Ms. Christothoulou.

4.12 Defendants and/or their agents and/or employees knew or should have known that shopping in the area without taking adequate safety measures created an unreasonably hazardous danger and posed an unreasonable risk of harm to Ms. Christothoulou.

COMPLAINT FOR DAMAGES - Page 6

FALLON McKINLEY PLLC
ATTORNEYS AT LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

4.13   Defendants and/or their agents and employees knew or should have known their activities and conduct created an unreasonably hazardous danger and posed an unreasonable risk of harm to Ms. Christothoulou.

4.14   Defendants and/or their agents and employees had actual or constructive notice of the unreasonably hazardous dangers and unreasonable risks of harm to Ms. Christothoulou.

4.15   The aforesaid negligence and/or gross negligence of Defendants' employees and/or agents occurred within the course and scope of their employment with Defendants and/or in their capacity as agents of Defendants.

4.16   Defendants are vicariously liable to Ms. Christothoulou for the aforesaid negligence and/or gross negligence of their employees and/or agents under the doctrine of respondeat superior and/or principles of agency.

4.17   The aforesaid negligence and/or gross negligence was proximate cause of the injuries and damages sustained by Ms. Christothoulou as alleged herein and Defendants are liable to Ms. Christothoulou for the injuries and damages proximately caused by the conduct alleged herein in an amount to be proven at trial.

## V.   DAMAGES

5.1   Plaintiff hereby incorporates by reference all allegations contained in each of the foregoing paragraphs as though fully set forth herein.

5.2   As a direct and proximate result of Defendants' negligence, and gross negligence as set forth herein, Plaintiff Ms. Christothoulou has suffered and will

COMPLAINT FOR DAMAGES - Page 7

FALLON McKINLEY PLLC
ATTORNEYS AT LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580 FAX (206) 682-3437

continue to suffer in the future, ongoing physical pain, mental anguish and emotional distress in an amount to be proven at trial.

5.3   As a direct and proximate result of Defendants' negligence and gross negligence as set forth herein, Ms. Christothoulou has suffered in the past and will continue to suffer in the future permanent disability which prohibits her ability to work and severely limits and restricts the use of her right hand, wrist and arm, all in an amount of special and general damages to be proven at trial.

5.4   As a direct and proximate result of Defendants' negligence and gross negligence as set forth herein, Ms. Christothoulou has suffered in the past and will continue to suffer in the future medical expenses in the amount to be proven at trial.

## VI.   PRAYER FOR RELIEF

6.1   Wherefore, Plaintiff Tula Christothoulou pray that the court enter a Judgment in their favor against Defendants, jointly and severally, if and where appropriate, which includes the following relief:

A)   An award of special damages in an amount to be proven at trial;

B)   An award of general damages in an amount to be proven at trial;

C)   An award of pre and post judgment interest;

D)   An award of attorneys' fees and costs;

E)   Such other and further relief as this Court deems just and proper and as may be permitted at law.

COMPLAINT FOR DAMAGES - Page 8

FALLON McKINLEY PLLC
ATTORNEYS AT LAW
155 NE 100TH STREET, SUITE 401
SEATTLE, WASHINGTON 98125
(206) 682-7580  FAX (206) 682-3437

DATED this 3 day of August, 2020.

FALLON McKINLEY PLLC

By: _____
Nancy T. McKinley, WSBA #7992
Attorney for Plaintiff
155 NE 100th Street, Suite 401
Seattle, WA 98125
T: (206) 682-7580
F: (206) 682-3437
Email: nmckinley@fallonmckinley.com

COMPLAINT FOR DAMAGES - Page 9